IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

FREDERICK BANKS,
     Plaintiff,

vs.                        Case No.: 5:17cv190/MCR/EMT

SOO SONG, et al.,
     Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's civil complaint (ECF No. 1), filed

against Assistant United States Attorneys in the Western District of Pennsylvania,

Officers of the Federal Bureau of Investigation and Central Intelligence Agency in

that district, and institutional officers at the Federal Medical Center at Butner, North

Carolina ("FMC Butner").  Plaintiff has also moved for leave to proceed in forma

pauperis (ECF No.  2).

Upon review of the complaint, it is apparent that venue is not proper in the

Northern District.

Venue for federal actions is governed by 28 U.S.C. § 1391(b), which provides:

A civil action may be brought in --
    (1) a judicial district in which any defendant resides, if all
defendants are residents of the State in which the district is
located;
    (2) a judicial  district  in  which  a  substantial  part  of  the

events or omissions giving rise to the claim occurred, or a
substantial part of property that is the subject of the action
is situated; or
(3) if there is no district in which an action may otherwise
be brought as provided in this section, any judicial district
in which any defendant is subject to the court's personal
jurisdiction with respect to such action.

*Id.* More specifically, 28 U.S.C. § 1391(e), which concerns actions brought against

the United States or a federal agency, provides:

A civil action in which a defendant is an officer or employee of the
United States or any agency thereof acting in his official capacity or
under color of legal authority, or an agency of the United States, or the
United States, may, except as otherwise provided by law, be brought in
any judicial district in which (A) a defendant in the action resides, (B) a
substantial part of the events or omissions giving rise to the claim
occurred, or a substantial part of property that is the subject of the action
is situated, or (C) the plaintiff resides if no real property is involved in
the action. Additional persons may be joined as parties to any such
action in accordance with the Federal Rules of Civil Procedure and with
such other venue requirements as would be applicable if the United
States or one of its officers, employees, or agencies were not a party.

*Id.*

Plaintiff's complaint is a confusing narrative of arguments relating to criminal

proceedings brought against him in Case No. 2:03cr245, in the Western District of

Pennsylvania, and his placement at FMC Butner for a mental health evaluation. While

the legal basis of his claim is unclear, Plaintiff seeks monetary damages, the removal

of Defendants from public office, and discharge from custody.

What is clear is that absolutely no connection between this case and the Northern District of Florida is evident from the four corners of the complaint. Plaintiff identifies as a resident of Youngstown, Ohio, and Defendants are located in either Pennsylvania or North Carolina.  What is more, no part of the events or omissions giving rise to the claim appear to have occurred here, nor is it stated that any property that is the subject of the litigation is located here.  Plaintiff states only that defamatory statements, which where were allegedly made in proceedings in Plaintiff's criminal case in Pennsylvania, or in relation to his mental health evaluation in North Carolina, "were read by people in [the Northern District of Florida]" (ECF No. 1 at 1).

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  When venue is improper, the interests of efficiency and fairness generally make it preferential to transfer the case to a district where venue is proper. Goldlawr, Inc., v. Heiman, 369 U.S. 463, 467 (1962); World Holdings, LLC v. Federal Republic of Germany, No. 08-20198/CIV/ALTONAGA, 2009 WL 10664174, at *2 (S.D. Fla. May 22, 2009) (citing Davis v. Am. Society of Civil Engineers, 290

F. Supp. 2d 116, 120 (D.D.C. 2003)).  Nonetheless, as the statute provides, the court

in its sound discretion may dismiss the case rather than transfer it.  Piper Aircraft Co.

v. Reyno, 102 S.Ct. 252, 266 (1981); First of Michigan Corp. v. Bramlet, 141 F.3d

260, 262 (6th Cir. 1998); Hapaniewski v. City of Chicago Heights, 883 F.2d 576, 578

(7th Cir.1989).

Here, there is no clear choice as to what district the court should transfer this

case to.  The Western District of Pennsylvania might be appropriate, as it is where the

identified criminal charges were brought against him, but Plaintiff's complaint

regarding placement in FMC Butner could warrant a transfer to the Middle District

of North Carolina.[1]  Given these circumstances, dismissal of this case without

prejudice  is the more efficacious option since it would allow Plaintiff to determine

where to file the case if he so chooses.

---

[1] More fundamentally, the complaint speaks of no particular injury to Plaintiff, nor does it particularly identify any claim under federal law.  These are potentially fatal flaws.  Moreover, because the complaint is not grounded in facts or real events and does not express an actual legal interest, it may be subject to dismissal as a complaint "whose factual contentions are clearly baseless." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting  Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833 (1989); *see also* Denton v. Hernandez, 504 U.S. 25, 32–33, 112 S. Ct. 1728 (1992) (under 28 U.S.C. § 1915, a federal court may dismiss a complaint whose factual contentions describe "fantastic or delusional scenarios").  While the court does not presently base dismissal on the complaint's deficiencies, those deficiencies are part of what would cloud the court's determination of where to properly transfer the case.

Finally, the court notes that Plaintiff is a prolific litigant who has filed numerous cases in the Western District of Pennsylvania.  *See* PACER website, https://ecf.pawd.uscourts.gov/cgi-bin/iquery.pl?275326332973762-L_1_0-1 (visited July 27, 2017).  The prolific nature of Plaintiff's complaint filing suggests that Plaintiff regularly files cases without much aforethought as to their legal bases, factual support, or, in this case, their proper venue.  This underscores the court's finding that at present no proper venue for this case is evident—as Plaintiff himself did not appear to seriously consider the matter of venue when he filed this case.  It is hoped that this Report will cause Plaintiff to pause and reflect upon these matters should he consider filing lawsuits in the future.

Accordingly, it respectfully **RECOMMENDED**:

1.     That the complaint be **DISMISSED** without prejudice for improper venue pursuant to 28 U.S.C. § 1406(a).

2.     That all pending motions be denied as moot.

At Pensacola, Florida, this 7ᵗʰ day of August 2017.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**